FRANK SLAFF, TRADING AS GARFIELD LUMBER COMPANY, PLAINTIFF-RESPONDENT, v. POLISH AMERICAN BUILDING AND LOAN ASSOCIATION, DEFENDANT-APPELLANT.

Argued January 21, 1936—Decided July 15, 1936.

Before Justices HEHER and PERSKIE.

For the appellant, *Patlen & Amlicke* (*Manfield G. Amlicke*, of counsel).

For the respondent, *Anthony A. Pable* (*Edward A. Levy*, of counsel).

The opinion of the court was delivered by

HEHER, J. Plaintiff sued to recover the price of building materials asserted to have been sold and delivered to the defendant corporation. These goods were used to repair the damage caused by fire to a building owned by one Cebula, upon which the defendant held a mortgage. Viewed in the light most favorable to plaintiff, the evidence tends to show not a sale of the merchandise to defendant, but an undertaking by the latter to use the avails of the fire insurance policy to liquidate the plaintiff's claim. There was evidence reasonably indicating that only the surplus, if any, remaining after the satisfaction of all the mortgage arrearages was to be applied to the liquidation of plaintiff's claim. And there was no proof of such a surplus. If such be the contract, the pleaded cause of action was not sustained by the proofs. It is to be remarked, in passing, that prior to the institution of this action the plaintiff recovered judgment against Cebula in an action in which the defendant here was not joined, predicated upon Cebula's purchase of this identical merchandise; and he brought this action only after the latter filed a petition in bankruptcy.

But we need not pursue this inquiry. The trial judge erroneously struck out evidence given by the witness, Jession, relative to a purported telephone conversation had with plaintiff. The latter had testified that in a telephone conversation the defendant's president, Kobylarz, had agreed to assume the obligation in suit. Kobylarz denied that he had had this conversation with plaintiff. He insisted that on the day in question he was not in the defendant's office, and therefore could not have responded to plaintiff's call. Jession, on the other hand, said that it was he who talked with plaintiff, and that he had refused to furnish the requested "guaranty." Plaintiff testified to only one telephone conversation with Kobylarz; and Jession's evidence was therefore material on the basic issue.

Judgment reversed, and cause remanded for further proceedings not inconsistent with this opinion; costs to abide the event.